## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

SARA ALLENGER, as personal representative
of the Estate of MARK PRATT,

      Plaintiff,

v.                                        CASE NO.

LIVANOVA PLC, LIVANOVA
DEUTSCHLAND GMBH (f/k/a SORIN
GROUP DEUTSCHLAND GMBH), and
LIVANOVA HOLDING USA, INC. (f/k/a
SORIN GROUP USA, INC.),

      Defendants.
_____/

## **DEFENDANT LIVANOVA HOLDING USA, INC.'S NOTICE OF REMOVAL**

**TO:**   United States District Court
        Southern District of Florida, Ft. Lauderdale Division

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants LivaNova Holding USA, Inc. f/k/a Sorin Group USA, Inc. ("LivaNova Holding USA") submits this Notice of Removal from the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida, in which the above-captioned matter is now pending, to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

In support of said Notice, LivaNova Holding USA states as follows:

1. Plaintiff Sara Allenger, as personal representative of the Estate of Mark Pratt, deceased, ("Plaintiff") filed her Complaint in the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida, on or about August 30, 2021. A copy of the Complaint filed in Florida state court is attached hereto as **Exhibit A**.

1

2.      No other pleadings and/or orders have been filed in Plaintiff's Florida state court action, nor has LivaNova Holding USA received any such pleadings. *See* **Exhibit B**, Docket and Copy of Entire State Court Record.

3.      Upon information and belief, no pleadings or documents have been served on any named defendant in this action, including LivaNova Holding USA.

4.      As will be set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; (2) this Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b)(3); and (3) Defendants have satisfied the procedural requirements for removal.

## I.     THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (1) it is a civil action between citizens of different states, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship

6.      There is complete diversity of citizenship between Plaintiff, a citizen of Florida, and the named defendants, who are citizens of Delaware and Texas, England and Wales, and Germany.

7.      At the time of his death, Decedent Mark Pratt ("Decedent") resided in and was a citizen of Florida. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 2.

8.      Accordingly, Decedent was a citizen of the state of Florida at the time of his death; and by extension, Plaintiff, as the personal representative of the estate of Decedent and the only named Plaintiff in this action, is a citizen of the state of Florida for purposes of this action. *See* 28

U.S.C. § 1332(c)(2); *Saldivar v. Munch*, 2011 WL 13228104, at *2 (S.D. Fla. June 20, 2011) ("a decedent's estate is deemed to be a citizen of the state where the decedent was domiciled at the time of his death."); *see also* Plaintiffs' Complaint, **Exhibit A**, ¶ 3 (alleging that Plaintiff Sara Allenger "is the duly appointed Personal Representative of the Estate of Mark Pratt.").

9. LivaNova Holding USA was formerly a Delaware corporation with a principal place of business in Houston, Texas.[1] *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 4.[2]

10. Named defendant LivaNova PLC is a foreign company incorporated under the laws of England and Wales with a headquarters in London. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 7.

11. Named defendant LivaNova Deutschland GmbH ("LivaNova Deutschland") is a foreign company headquartered in Munich, Germany. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 8.

12. Therefore, for purposes of determining diversity, LivaNova Holding USA is a citizen of Delaware and Texas, named defendant LivaNova PLC is a citizen of England and Wales, and LivaNova Deutschland is a citizen of Germany. 28 U.S.C. § 1332(c)(1).

13. By virtue of the above, none of the named defendants are citizens of the state of Mississippi, Plaintiff's sole alleged state of citizenship. *See* 28 U.S.C. § 1332. Accordingly, complete diversity exists between the parties.

**B. Amount in Controversy**

---

[1] LivaNova Holding USA has merged with, into, and under the name of LivaNova USA, a Delaware Corporation with its principal place of business in Texas.

[2] Plaintiff's Complaint incorrectly alleges a principal place of business for LivaNova Holding USA in Arvada, Colorado. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 9. Nevertheless, complete diversity of citizenship exists regardless of whether the Court deems LivaNova Holding USA a citizen of Colorado or Texas.

14. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. This assertion is well-founded and made in good faith in light of the allegations in Plaintiff's Complaint.

15. Plaintiff's Complaint alleges that Decedent underwent an open-heart surgical procedure in which his bicuspid aortic valve was replaced. *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 10. Plaintiff further alleges that a Sorin 3T Heater-Cooler Unit ("3T System") was used during this surgery. *Id*. at ¶ 48. Plaintiff alleges that the 3T System used in Decedent's surgery was contaminated with *Mycobacterium Chimaera* ("M. chimaera") which caused Decedent to be exposed to *M. chimaera. Id*. at ¶¶ 65, 77, 90.

16. Plaintiff alleges that this alleged *M. chimaera* infection caused Decedent's death. *Id*. Plaintiff's Complaint further alleges that she as well as "the estate and/or the survivors" are entitled to several forms of damages. *Id*. Specifically, Plaintiff alleges that she and "the estate and/or the survivors" are entitled to damages "including but not limited to…Loss of support and services to each survivor from the date of the death;" "Loss of companionship and protection;" "Mental pain and suffering;" "Funeral expenses due to the estate; and" "Loss of prospective net accumulations of the estate." *Id*.

17. This District has noted that "courts 'may use their judicial experience and common sense in determining whether the amount in controversy is met.'" *Roberts v. Victoria's Secret Stores, LLC*, 2018 WL 4829018, at *3 (S.D. Fla. Aug. 9, 2018) (quoting *Hardman v. Zale Del., Inc.*, 2017 WL 759023, at *2 (S.D. Fla. Feb. 28, 2017)). Here, the seriousness and permanent nature of the alleged injuries—which stem from and relate to the death of Decedent—in the Complaint places more than $75,000 in controversy. *Roberts*, 2018 WL 4829018, at *2 n.1 (holding that alleged damages for "severe and permanent bodily injury" could "hardly be

characterized as speculative" for purposes of determining the amount in controversy); *see also Travelers Prop. Casualty Co. of Am. v. Eastman Kodak Co.*, 2016 WL 11491579, at *3 (M.D. Fla. Aug. 1, 2016) (citing *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (holding it was "undeniably facially apparent" from the pleading that damages would exceed $75,000 since as a "matter of common knowledge," damages arising from severe and permanent injuries would meet the amount in controversy requirement."). Moreover, courts routinely note that "common sense dictates the amount in controversy would likely exceed $75,000 given that the claims at issue are based on the death of a human being." *Eastman Kodak Co.*, 2016 WL 11491579, at *3; *see also Angrignon v. KLI, Inc.*, 2009 WL 506954, at *3 (S.D. Fla. Feb. 27, 2009) ("nature of the damages sought" in case involving "severe and bodily injuries" which in turn led to permanent injury and death warranted conclusion that "complaint on its face may be sufficient by itself to support removal"). Similarly, courts have held that it is "undeniably facially apparent from the pleading [that] the damages would exceed $75,000, since as a matter of common knowledge, damages arising from severe and permanent injuries would meet the amount in controversy requirement." *Eastman Kodak Co.*, 2016 WL 11491579, at *3 (internal quotations omitted).

18. In addition, courts have held that a plaintiff seeking "damages on behalf of the estate for medical or funeral expenses…loss of prospective net accumulations…loss of [the decedent's] companionship and protection and mental pain and suffering," it is "facially apparent" that the amount in controversy exceeds $75,000." These are exactly the damages sought by Plaintiff in this action. *See* Plaintiffs' Complaint, **Exhibit A**, ¶¶ 65, 77, 90.

19. By virtue of these allegations of injury, Plaintiff is seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs, which meets the jurisdictional requirement of this Court. See 28 U.S.C. § 1332(a).

20. Accordingly, for all of the above stated reasons, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332.

## II. THIS NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).

21. Upon information and belief, none of the named Defendants, including LivaNova Holding USA, have been served.

22. Upon information and belief, LivaNova Holding USA, Inc. first received a copy of the Complaint on September 1, 2021, thereby starting the thirty-day deadline for removing this action to federal court. *See Torres v. Geico Gen. Ins. Co.*, 2021 WL 3184660, at *1-2 (S.D. Fla. July 28, 2021) (holding that the "the thirty-day removal deadline commenced when [defendant[ received Plaintiff's complaint" from its statutory agent for service of process).

23. Because this Notice of Removal is filed within thirty days of the filing of the Complaint and Defendants' receipt of a copy of the Complaint, this Notice of Removal is timely.

## III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

24. As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

25. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Florida, Ft. Lauderdale Division is the federal district for the

district embracing the place where the state court suit is pending, namely the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida.

26. LivaNova Holding USA's Notice of Removal is timely because it is being filed within thirty days of initial receipt of the Complaint.

27. Upon information and belief, neither LivaNova PLC nor LivaNova Deutschland, the only other named defendants in this action, have been served with process in accordance with the Hague Convention. LivaNova PLC and LivaNova Deutschland have therefore not been properly served.

28. Because named defendants LivaNova PLC and LivaNova Deutschland have not been properly served, Defendants are not required to obtain their consent for removal. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Johnson v. Wellborn*, 418 Fed. App'x 809, 815 (11th Cir. 2011) ("requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."); *see also Coronel v. Miami-Dade Cnty.*, 2013 WL 2991062, at *2 (S.D. Fla. June 10, 2013) (noting that defendant's consent to removal was not required where he had not been served at time of removal).

29. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorneys of record, and is also being filed with the clerk of the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida.

30. A copy of the entire state court record is attached to this Notice of Removal. *See* **Exhibit B**, Copy of Entire State Court Record. At the time of removal, there are no unresolved motions that have been filed in the state court action. Thus, no such documents are attached as exhibits to this Notice of Removal.

WHEREFORE, Defendant LivaNova Holding USA files this Notice of Removal so that the entire state court action now pending in the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida, be removed to this Court for all further proceedings.

Respectfully submitted,

/s/*Traci T. McKee*
Traci T. McKee, FL Bar No. 53088
FAEGRE DRINKER BIDDLE & REATH
1050 K Street NW #400
Washington, DC 20001
Phone: (202) 312-7440
Fax: (202) 312-7461
traci.mckee@faegredrinker.com

***Attorney for Defendant LivaNova Holding USA, Inc.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will serve the following counsel by email:

Philip L. Valente, Jr., Esq.
VALENTE LAW FIRM
1818 South Australian Avenue
Suite 302
West Palm Beach, FL 33409
Telephone: (561) 615-6200
Fax: (561) 615-6206-FAX
phil@valentepa.com
leila@valentepa.com

/s/*Traci T. McKee*
Traci T. McKee, FL Bar No. 53088
FAEGRE DRINKER BIDDLE & REATH
1050 K Street NW #400
Washington, DC 20001
Phone: (202) 312-7440
Fax: (202) 312-7461
traci.mckee@faegredrinker.com